UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAURA CHENEVERT | CIVIL ACTION NO. 12-3096 |
| VERSUS | DISTRICT JUDGE JAMES T. TRIMBLE |
| CHRISTUS CONTINUING CARE, | MAGISTRATE JUDGE JAMES D. KIRK |

Memorandum Ruling on Discovery

Before the court is Defendant's Motion to Compel, doc. # 23. The Motion is Granted in part and, in part, Denied.

Defendant seeks an order of court compelling sufficient responses by plaintiff to numbers 2 through 27 of its Request for Admissions.

Under FRCP 36 a party may request that an opposing party admit the truth of any matter properly discoverable and that involves facts, the application of law to fact or opinions about either. If the party does not admit the matter, it must be specifically denied or state in detail why the matter cannot be admitted or denied. A denial must fairly respond to the question but the answer may be qualified or denied in part.

One of the purposes for requests for admissions is to save the opponent from the expense of preparing to prove matters regarding which there is no real dispute and to same the court the time of trying such matters.

The court's rulings on the dispute at hand follow:

Request No. 2: The request is deemed admitted. Although plaintiff denied it, the qualified answer which follows makes clear that it is in fact admitted.

Request No. 3: The request is deemed admitted as per the last sentence of the answer to it.

Request No. 4: The request is deemed admitted as per the last sentence of the answer to it.

Request No. 5: The request was adequately answered.

Request No. 6: The plaintiff is Ordered to provide an answer of "admitted" or "denied" but may explain (qualify) her answer.

Request No. 7: The plaintiff is Ordered to provide an answer of "admitted" or "denied" but may explain (qualify) her answer.

Request No. 8: The plaintiff is Ordered to provide an answer of "admitted" or "denied" but may explain (qualify) her answer.

Request No. 9: The request was properly answered. While verbose, the answer complies with the requirement that the answer must be qualified if good faith requires it.

Request No. 10: The request was properly answered. While verbose, the answer complies with the requirement that the answer must be qualified if good faith requires it.

Request No. 11: The request was adequately answered.

Request No. 12: The answer is evasive. Plaintiff is Ordered to admit or deny the statement specifically.

Request No. 13: The answer is deemed admitted as per the lengthy explanation given.

Request No. 14: The answer is deemed admitted as per the lengthy explanation given.

Request No. 15: The answer is deemed admitted as per the lengthy explanation given.

Request No. 16: The answer is deemed admitted as per the lengthy explanation given.

Request No. 17: The answer is evasive. Plaintiff is Ordered to admit or deny the statement specifically.

Request No. 18: The answer is evasive. Plaintiff is Ordered to admit or deny the statement specifically.

Request No. 19: The answer is evasive. Plaintiff is Ordered to admit or deny the statement specifically.

Request No. 20: The answer is evasive. Plaintiff is Ordered to admit or deny the statement specifically.

Request No. 21: The answer is evasive. Plaintiff is Ordered to admit or deny the statement specifically.

Request No. 22: The request was adequately answered.

Request No. 23: The request was adequately answered.

Request No. 24: The request was adequately answered.

Request No. 25: The request was adequately answered.

Request No. 26: The request was adequately answered.

Request No. 27: The request was adequately answered.

Plaintiff is reminded that ,at trial, the district judge may award sanctions, including attorney fees, if he determines that a party has wasted the court's time or has caused her opponent unnecessary trial preparation or proof due to her failure to accurately and truthfully admit matters which are not in dispute.

Signed in Chambers, February 5, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE